UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00039-LLK

SYLVIA A. CUNDIFF                                                                                          PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 10 and 13. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 8].

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Discussion**

First, Plaintiff argues that the ALJ erred in failing to recognize that she suffers from severe, or vocationally significant, arm and shoulder impairments. [DN 10 at 2]. The ALJ did recognize that Plaintiff suffers from severe "degenerative disc disease of the cervical spine with radiation." [DN 7-2 at 18]. The ALJ determined that, notwithstanding these impairments, Plaintiff has a residual functional capacity (RFC) for light work, and, in making this determination, the ALJ specifically took into account the fact that Plaintiff alleges "pain in her neck that radiates to her right shoulder and arm" and that "[t]here are instances in the record where [Plaintiff] reported …. pain in her neck that radiates to her shoulder and arm." *Id.* at 19, 20, 21.

Plaintiff's argument is unpersuasive because there is no significant difference between the impairments the ALJ recognized and those Plaintiff alleges the ALJ failed to recognize. Even if there is a significant difference, the error was, at worst, harmless because Plaintiff admits that the ALJ's finding that she has an RFC for light work was supported by substantial evidence. [DN 10 at 5]. In other words, Plaintiff's objection is to the label the ALJ put on her impairments, not the limitations resulting from those impairments. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) (finding that, because the ALJ considered the limiting effects of all severe and non-severe impairments as a whole, the ALJ's failure to label a non-severe impairment as "severe" was, at worst, harmless error); *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (finding that it is "legally irrelevant" that the ALJ found an impairment to be non-severe where the ALJ acknowledged the presence of other severe impairments and completed the evaluation process).

Second, Plaintiff argues that the ALJ's finding that she is "capable of performing past relevant work as a machine operator and warehouse pipe worker," [DN 7-2 at 24], is not supported by substantial evidence. [DN 10 at 5]. Plaintiff is correct that the ALJ erred in characterizing her warehouse pipe worker job as "past relevant work" inasmuch as the ALJ himself acknowledged that that job did not last long enough to be other than an "unsuccessful work attempt." *Id.* citing DN 7-2 at 17-18. The error, however, was harmless if substantial evidence supported the ALJ's finding that Plaintiff can perform her past relevant work as a machine operator.

The ALJ based his finding that Plaintiff can perform her past relevant work as a machine operator on testimony from a vocational expert ("VE") to the effect that an individual with certain limitations can perform that job. Plaintiff argues that substantial evidence does not support the ALJ's finding due to a discrepancy between the ALJ's finding that she can "interact frequently as needed with supervisors and peers sufficiently for task completion," and the relevant vocational hypothetical, which contemplated that the individual can "interact with people only as needed with supervisors and peers sufficiently for task

completion." [DN 7-2 at 20, 56]. The argument is unpersuasive because there is no significant discrepancy. Even if there is a significant difference, the error was, at worst, harmless because it is the actual testimony (as opposed to the ALJ's subsequent characterization of the testimony in his decision) that governs judicial review. Plaintiff has failed to point to any evidence, which the ALJ was required to accept, that she cannot "interact with people only as needed with supervisors and peers sufficiently for task completion."

## Order

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED and Plaintiff's complaint is DISMISSED.

September 9, 2020

Lanny King, Magistrate Judge
United States District Court